IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| THOMAS LYNN LANSKY, JR. | ) | CASE NO. |
| 4331 Fulton Road | ) | |
| Cleveland, Ohio 44144 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| ALL-STAR CONTRACTING | ) | |
| 5193 Stanley Avenue | ) | **JURY DEMAND ENDORSED** |
| Maple Heights, Ohio 44137 | ) | **HEREIN** |
| | ) | |
| PLEASE ALSO SERVE | ) | |
| STATUTORY AGENT | ) | |
| Don Petty | ) | |
| P.O. Box 35522 | ) | |
| Cleveland, OH 44135 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| DON PETTY | ) | |
| 5193 Stanley Avenue | ) | |
| Maple Heights, Ohio 44137 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Thomas Lynn Lansky, Jr., by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

**PARTIES**

1. Lansky is a resident of the city of Cleveland, Cuyahoga County, state of Ohio.

2. Defendant All-Star Contracting, LLC is a limited liability company, with its principal place of business located at 5193 Stanley Avenue, Maple Heights, Ohio 44137.

3. At all times material to the Complaint, All-Star Contracting was an "enterprise" within the meaning of 29 U.S.C.A § 203(r), in that they performed activities in connection with the operation of a security company, and were engaged in related activities performed through



unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.

4. During all times material to this Complaint, All-Star Contracting was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) and R.C. § 4111.03(D).

5. During all times material to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

6. Defendant Don Petty is a resident of the state of Ohio.

7. At all times herein, Petty was acting in the course and scope of his employment.

8. Petty is, and at all times hereinafter mentioned, was an individual who was a supervisor and/or owner at All-Star Contracting and who acted directly or indirectly in the interest of the All-Star Contracting in relation to its employees, and is an employer within the meaning of R.C. § 4112.01(A)(2).

9. During all times material to this Complaint, Petty supervised and/or controlled Lanksy's employment with Defendants, and acted directly or indirectly in the interest of the Defendants in relation to their employees, and was an employer within the meaning of section 3(d) of the FLSA.

10. At all times relevant to Lansky's claims against the Defendants, Petty had control over the day to day operations of All-Star Contracting, to include how Defendants paid Lansky.

## JURISDICTION & VENUE

11. This court has federal question jurisdiction pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

The Employee's Attorney.™ 

12. This court has federal question subject matter jurisdiction pursuant to 42 U.S.C. § 2000 in that Plaintiff is alleging a Federal Law Claim under Title VII of the Civil Rights Act.

13. This Court has personal jurisdiction over All-Star Contracting because it is a Limited Liability Company that is registered to conduct business in this District, and at all times material to the allegations contained herein, each conducted substantial business in this District and had sufficient minimum contacts within this District.

14. This Court has personal jurisdiction over Petty because at all times relevant to the claims against the Defendants, he maintained control, oversight, and direction over the operation of All-Star Contracting, including All-Star Contracting's employment practices.

15. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Lansky's Ohio Law claims, because those claims derive from a common nucleus of operative fact and are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

16. All material events alleged in this Complaint occurred in Cuyahoga County.

17. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391, because it is the district court for the district, division, and county within which Defendants operate and within which a substantial part of the events or omissions giving rise to the claim occurred.

18. More than 180 days have passed since Lansky filed his formal Charge of Discrimination with the EEOC in Agency Charge No. 532-2017-00224 ("Lansky EEOC Charge of Discrimination").

19. On August 29, 2017, the EEOC issued and mailed a Dismissal and Notice of Rights letter regarding the Lansky EEOC Charge of Discrimination.

20. Lansky has received a Dismissal and Notice of Rights letter from the EEOC, in accordance with 42 U.S.C. 2000e-5(f)(1), which is attached hereto as Exhibit 1.

The Employee's Attorney.™



21. Lansky has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

22. Lansky has filed this Complaint within 90 days of the issuance of the Dismissal and Notice of Rights letter.

23. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

24. Lansky is a former employee of All-Star Contracting.

25. At all times herein, Lansky was acting in the course and scope of his employment at All-Star Contracting.

26. Petty is the supervisor and/or owner at All-Star Contracting.

27. All-Star Contracting hired Lansky on or about April 1, 2016.

28. Lansky worked for All-Star Contracting as a general labor employee.

29. At all times material to the Complaint, Lansky was individually covered by the FLSA because Lansky purchased and/or used and/or resold goods or materials that *have been* moved in or produced for commerce.

30. At the time Lansky was hired, Defendants told him he was considered an independent contractor.

31. Lansky's work was integral to Defendants' business.

32. Lansky's employment was not temporary and had no fixed end-date.

33. Lansky was treated as an at-will employee.

34. Lansky was not required to use managerial skills to realize a profit or a loss; he was paid the same hourly rate throughout his entire period of employment.

35. Lansky was economically dependent on Defendants and did not invest his own money, equipment, or supplies into the business.

36. Lansky's job duties did not require special skills besides general labor skills.

The Employee's Attorney.™ 

37. At all times material to the complaint, Defendants controlled Lansky's employment.

38. At all times material to the complaint, Defendants controlled Lansky's job assignments.

39. At all times material to the complaint, Defendants controlled Lansky's assigned tasks and the manner in which Lansky was required to complete his assigned tasks.

40. Lansky was not conducting his own business while in the employ of Defendants.

41. Despite being labeled by Defendants as an independent contractor, Lansky was in reality a non-exempt employee under the FLSA.

42. Defendants told Lansky that he was an independent contractor so they could avoid making overtime payments to Lansky.

43. Lansky was a non-exempt employee and subject to the minimum wage and overtime requirements of the FLSA and the Ohio Wage Law.

44. During all times relevant to this Complaint, Lansky regularly worked (40) hours per workweek.

45. The work Lansky performed after his regularly scheduled workweek was greater than *de minimis*, and primarily for the benefit of Defendants.

46. Lansky was not compensated for all hours he worked in excess of (40) in a given week.

47. Lansky is a gay male.

48. About a week after Lansky was hired, in casual conversation with Petty, Lansky disclosed that he was gay.

49. In separate conversations, after Lansky disclosed his sexual orientation, Petty started questioning Lansky about his health.

50. In separate conversations, after Lansky disclosed his sexual orientation, Petty started questioning Lansky about Lansky's medical conditions.

51. Lansky disclosed to Petty that he was HIV positive but at undetectable levels.

The Employee's Attorney.™



52. After the disclosures about being HIV positive and gay, Lansky was at a job site where Petty was not present but another employee of All-Star Contracting, Jason, was.

53. Lansky asked Jason what Petty wanted Lansky to do since Petty wasn't there. Jason responded, "man don't tell me Don wants you to suck his dick."

54. Lansky asked Jason why he made that comment, and Jason replied, "Don told me you were gay and to give you a hard time for it."

55. Lansky reported Jason's comments about his sexual orientation to Petty, but Petty denied ever telling Jason that Lansky was gay.

56. On or about April 20, 2016, Petty terminated Lansky because All-Star Contracting jobsites "are not for fairies and fags with HIV."

57. Lansky immediately left the job site.

58. On or about May 20, 2016, Lansky asked for his last paycheck from All-Star Contracting and was told by Petty that it would be mailed.

59. On or about June 6, 2016, Petty contacted Lansky and told him that there was a problem with the bank and that Lansky's final paycheck would be a money order.

60. Lansky's final pay was not payment in full for all the hours that Lansky worked.

61. As a direct and proximate cause of Defendants' conduct, Lansky suffered and will continue to suffer damages.

62. As a direct and proximate cause of Defendants' conduct, Lansky suffered and will continue to suffer physical illness and emotional distress.

## **COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT**

63. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.



64. During all times material to this Complaint, Plaintiff was not exempt from receiving minimum wage under the FLSA because, *inter alia*, he was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

65. During all times material to this Complaint, Defendants violated the FLSA with respect to the Plaintiff by, *inter alia*, failing to compensate him at time-and-one-half their regular rates of pay for any hours worked in excess of forty (40) hours per workweek.

66. During all times material to this complaint, Defendants knew that Lansky was not exempt from the overtime obligations imposed by the FLSA. Defendants also knew that they were required to pay Lansky at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Defendants willfully withheld and failed to pay the minimum wage and overtime compensation to which Lansky was entitled.

67. In violating the FLSA, Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

68. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## **COUNT II: VIOLATION OF THE OHIO WAGE ACT**

69. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

70. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.



71. During all times material to this Complaint, All-Star Contracting was a covered employer required to comply with the Ohio Wage Act's mandates.

72. During all times material to this Complaint, Plaintiff was a covered employee entitled to individual protection of Ohio Wage Act.

73. Defendants violated the Ohio Wage Act with respect to Plaintiff by, *inter alia*, failing to compensate Plaintiff for all hours worked, failing to pay Plaintiff the minimum wage, and failing to pay the Plaintiff overtime.

74. In violating the Ohio Wage Act, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**COUNT III: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2 *et seq.***

75. Lansky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. Lansky is a member of a statutorily protected class based on his sexual orientation under the CRA 42 U.S.C. § 2000e-2 *et seq*.

77. All-Star Contracting treated Lansky differently than other similarly situated employees based on his sexual orientation.

78. All-Star Contracting discriminated against Lansky on the basis of his sexual orientation throughout his employment with the company.

79. Lansky is a gay male.

80. All-Star Contracting treated Lansky differently due his sexual orientation.

81. All-Star Contracting terminated Lansky's employment without just cause.

82. All-Star Contracting terminated Lansky's employment based on his sexual orientation.

83. All-Star Contracting's discrimination against Lansky based on his sexual orientation violates CRA 42 U.S.C. § 2000e-2 *et seq*.

The Employee's Attorney.™



84. As a direct and proximate result of All-Star Contracting's conduct, Lansky suffered and will continue to suffer damages, including economic and emotional distress.

**COUNT IV: DISABILITY DISCRIMINATION BASED ON 42 U.S.C. § 12101 *ET SEQ.***

85. Lansky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

86. Lansky is disabled.

87. Defendants perceived Lansky as being disabled.

88. Lansky is a member of a statutorily protected class based on his disability under the Rehabilitation Act of 1973 § 504 and the Americans with Disabilities Act of 1990.

89. Lansky's medical status is protected information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

90. Lansky suffered from a physical impairment that is regarded a disability, that did not impair Lansky from performing the essential functions of his position.

91. Defendants knew of Lansky's disability of being infected with HIV.

92. Defendants treated Lansky differently because of his HIV status than similarly situated employees.

93. Defendants disseminated Lansky's medical information to other employees within the company with specific instructions to give him a "hard time" in violation of the law.

94. Defendants violated 42 U.S.C. § 12101 *et seq.* by treating Lansky differently than other similarly situated employees based on his disability.

95. Defendants violated 42 U.S.C. § 12101 *et seq.* by discriminating against Lansky due to his disability.

96. Defendants violated 42 U.S.C. § 12101 *et seq.* by making discriminatory and harassing comments to Lansky about his disability.

The Employee's Attorney.™ 

97. Defendants violated 42 U.S.C. § 12101 *et seq.* by sharing personal and confidential information about Lansky's disability with third parties in an effort to harass Lansky.

98. Defendants violated 42 U.S.C. § 12101 *et seq.* by disseminating Lansky's medical information to other employees within the company with specific instructions to give him a "hard time."

99. On or about April 20, 2016, Defendants terminated Lansky without just cause.

100. Defendants terminated Lansky because of his HIV status in violation of the Rehabilitation Act of 1973 § 504, and/or the Americans with Disabilities Act of 1990 and/or 42 U.S.C. § 12101 *et seq.*

101. As a direct and proximate result of Defendants' conduct, Lansky suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT V: DISABILITY DISCRIMINATION BASED ON R.C. § 4112.01 *ET SEQ.***

102. Lansky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

103. All-Star Contracting was an employer as defined by R.C. § 4112.01(A)(2).

104. Throughout his employment, Lansky was fully competent to perform his essential job duties.

105. Defendants violated Ohio Revised Code § 4112.01 *et seq.* by treating Lansky differently than other similarly situated employees based on his disability.

106. Defendants violated Ohio Revised Code § 4112.01 *et seq.* by discriminating against Lansky due to his disability.

107. Defendants violated Ohio Revised Code § 4112.01 *et seq.* by making discriminatory and harassing comments to Lansky about his disability.

108. Defendants violated Ohio Revised Code § 4112.01 *et seq.* by sharing personal and confidential information about Lansky's disability with third parties in an effort to harass Lansky.

The Employee's Attorney.™



109. Defendants violated Ohio Revised Code § 4112.01 *et seq.* by disseminating Lansky's medical information to other employees within the company with specific instructions to give him a "hard time."

110. On or about April 20, 2016, Defendants terminated Lansky without just cause.

111. At all times material herein, similarly situated non-disabled employees were not terminated without just cause.

112. Defendants terminated Lansky based on his disability.

113. Defendants violated Ohio R.C. § 4112.02 when they terminated Lansky based on his disability.

114. As a direct and proximate result of Defendants' conduct, Lansky has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

115. As a direct and proximate cause of Defendants' conduct, Lansky is entitled to all damages provided for in O.R.C. § 4112.051, including liquidated damages, costs and reasonable attorney's fees.

## COUNT VI: UNJUST ENRICHMENT

116. Lansky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

117. In performing the duties of a general laborer for Defendants, Lansky conferred a benefit upon Defendants for which Defendants promised to pay Lansky an hourly rate of pay.

118. Defendants knew that Lansky performed the duties of a general laborer for Defendants.

119. Defendants failed to pay Lansky the money they promised to pay him.

120. Defendants retained the benefit of Lansky's performance of the duties of a general laborer under circumstances where it was unjust to do so.

121. As a result of Defendants' acts, Lansky suffered, and will continue to suffer, pecuniary harm.



# **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Thomas Lynn Lansky, Jr. demands from Defendants the following:

(a) An award against each Defendant of compensatory and monetary damages to compensate Lansky for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(b) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(c) An award of reasonable attorneys fees and non-taxable costs for Lansky's claims as allowable under law;

(d) An award of the taxable costs of this action; and

(e) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

 /s/ *Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff*



## JURY DEMAND

Plaintiff Thomas Lynn Lansky, Jr. demands a trial by jury by the maximum number of jurors permitted.

      /s/ *Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

*Attorney for Plaintiff*

The Employee's Attorney.™